# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1464V

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* |
| ROBERT NEMMER, | \* |
| | \* UNPUBLISHED |
| Petitioner, | \* |
| v. | \* Special Master Katherine E. Oler |
| | \* |
| SECRETARY OF HEALTH AND | \* Filed: February 20, 2020 |
| HUMAN SERVICES, | \* |
| | \* Interim Attorneys' Fees and Costs |
| Respondent. | \* |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* |

*Mark Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
*Christine M. Becer*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 6, 2017, Robert Nemmer ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he suffered from a shoulder injury related to vaccine administration ("SIRVA") caused by the Tdap vaccine he received on December 7, 2014. Pet. at 1, ECF No. 1.

On July 29, 2019, Petitioner filed his application for interim attorneys' fees and costs, requesting a total of $24.361.91. Fees App. at 2, ECF No. 43. On August 12, 2019, Respondent

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

filed a Response objecting to Petitioner's motion for interim attorney's fees and costs. Fees Resp., ECF No. 44. Petitioner filed a reply on August 16, 2019.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$23,109.34** in interim attorneys' fees and costs.

> I. **Legal Standard**
>
> *A. Interim Attorneys' Fees and Costs*

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id. at 286*. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Human Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Human Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018).

3

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Human Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Undue Financial Hardship

On March 28, 2019, I held a status conference, articulating the difficulties that Petitioner's preexisting left shoulder injury placed on the case. At the time that the interim fees application was filed, Petitioner had been unresponsive to communications from his attorney, Mr. Sadaka. *See* Petitioner's Status Report, ECF No. 47 at 1. Mr Sadaka subsequently filed a motion to withdraw as counsel which was granted. ECF Nos. 48-49. Respondent objects to interim fees in this case, stating that an award of for interim fees is not appropriate. *Id.* at 1.

A request for interim fees where Petitioner's counsel was preparing to withdraw has been granted before. *See, e.g.*, *Bear v. Sec'y of HHS*, No. 11-362V, 2013 U.S. Claims LEXIS 134, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (Special Master Hastings awarded interim fees over respondent's objection in a case where petitioner's counsel was going to withdraw, and the petition had been pending for more than 19 months); *Lumsden v. Sec'y of HHS*, No. 97-588, 2012 U.S. Claims LEXIS 446, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012) (former Chief Special Master Vowell awarded interim fees in an autism case over respondent's objection when petitioner's attorney was withdrawing from the case); *Edmonds v. Sec'y of HHS*, No. 04-87V, 2012 U.S. Claims LEXIS 376, 2012 WL 1229149, at *13 (Fed. Cl. Spec. Mstr. Mar. 22, 2012) (then-Chief Special Master Campbell-Smith awarded interim fees over respondent's objection in an autism case in which petitioner's counsel was preparing to withdraw); *Dudash v. Sec'y of HHS*, No. 09-646V, 2011 U.S. Claims LEXIS 674, 2011 WL 1598836, at *6 (Fed. Cl. Spec. Mstr. Apr. 7, 2011) (Special Master Moran found an award of interim fees appropriate); *Burgess v. Sec'y of HHS*, No. 07-258V, 2011 U.S. Claims LEXIS 17, 2011 WL 159760, at *2 (Fed.

Cl. Spec. Mstr. Jan. 3, 2011) (Former Special Master Lord awarded interim attorneys' fees in a case where petitioners were soon to be represented by other counsel).

As Mr. Sadaka has already withdrawn from the case, I find the situation in this case analogous to those cited above. Accordingly, I find it reasonable to award interim costs at this juncture.

### B. Good Faith and Reasonable Basis

Respondent has not raised any objection to the good faith for this claim. I therefore find that the petition was filed in good faith.

Respondent has objected to the reasonable basis in this claim. *See* Fees Resp., ECF No. 44. As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of the circumstances, taking into account the factual basis for the claim and the medical and scientific support offered.

On December 7, 2014, Petitioner received a Tdap vaccination in his left shoulder following a dog bite. *See* Petition at 1.

Petitioner has filed extensive medical records in this case. *See* Ex. 2 at 325, 378, 440. The medical records support Petitioner's claim of shoulder pain following the Tdap vaccine he received on December 7, 2014. *See* Ex. 2 at 318 ("Robert Nemer is a 55 year old male presenting to address the following issues: L shoulder pain x 10-11 months. Received Tdap in L shoulder last December and since then has had shoulder pain, feels that this pain is due to Tdap. Pain is dull 3/10 at rest, sharp 8/10 with movement (pushing and overhead movements). Pain is in anterior shoulder and sometimes radiates down to hand. No decreased strength. Has not noticed it being swollen or bruised. No recent trauma. Does not wake from sleep. Takes pain medication (percocet 0.5-1 per day) for other pain symptoms but does not improve shoulder pain. No hx of shoulder injury or cervical spine injury. Has not tried heat or ice. Did have xray done at PCP office and reports it was WNL."); *Id.* at 441 ("12/2014, patient stated that after he had the Tdap shot in the clinic in 12/2014 he developed pain and he thinks its related with the Tdap shot"); *Id.* (noting swilling in the left arm for one week following shot).

Under the lower standard of reasonable basis, such evidence is enough to justify the filing of a petition. As such, I find that the petition has a reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

### C. Attorneys' Fees

Petitioner requests a total of $22,911.98 in attorneys' fees. Fees App. Ex. A. at 19.

*i. Reasonable Hourly Rate*

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner's counsel, Mr. Mark Sadaka, requests that he be compensated between $350.00 and $406.00 per hour for work performed from 2015 to 2019. Fees App. at 3. Mr. Sadaka's requested rates from 2015-2018 are consistent with *McCulloch* and with what Mr. Sadaka has previously been awarded in the Program. *See, e.g.*, *Nelson v. Sec'y of Health & Human Servs.*, 15-615V (Fed. Cl. Spec. Mstr. Jan. 22, 2018); *Pasquinelli v. Sec'y of Health & Human Servs.*, No. 14-1156V, 2017 WL 6816707 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); *Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2017 WL 5472577 (Fed. Cl. Spec. Mstr. Oct. 19, 2017); *Ladue v. Sec'y of Health & Human Servs.,* No. 12-553V, 2018 WL 6978075 (Fed. Cl. Spec. Mstr. Dec. 14, 2018). Mr. Sadaka's requested rate of $406.00 per hour for 2019, however, exceeds what he has previously requested and been awarded for 2019 work - albeit by only $1.00. *See Cruz v. Sec'y of Health & Human Servs.*, No. 17-1167V, 2019 WL 4256277, at *2 (Fed. Cl. Spec. Mstr. Aug. 14, 2019); *Jones v. Sec'y of Health & Human Servs.,* No. 12-875V, 2019 WL 4013481, at *4 (Fed. Cl. Spec. Mstr. Jul. 31, 2019). While the difference is almost *de minimis*, consistency on rates is valuable in OSM's efforts to issue fees awards as promptly as possible, and I will therefore hold Mr. Sadaka to the previously-awarded 2019 rate of $405.00 per hour.[4] Petitioner also requests rates between $135.00 and $156.00 per hour for paralegals who

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

[4] I will note that this is not the first time that Mr. Sadaka's rates have been reduced from $406.00/hour to $405.00/hour for 2019. Continually needing to correct Mr. Sadaka's rate is a waste of judicial resources and Mr. Sadaka should update his billing rate accordingly. Failure to do so in the future will lead to further reductions. It is suggested that, in order to conserve judicial resources, Mr. Sadaka refile any outstanding motions for fees that include the heightened billing rate. See, e.g., Edwards v. Sec'y of Health and Human Servs., No. 16-668, Dkt. No. 55 at 3 n.4 (Oct. 4, 2019) (Spec. Mstr. Corcoran reducing Mr. Sadaka's rate from $406.00/hour to $405.00/hour).

performed work in this case between 2015 and 2019. These rates are consistent with such work previously awarded in the Program.

Accordingly, I find the requested rates for 2015-2018 reasonable and no adjustment is warranted. Mr. Sadaka's rate for 2019 will be reduced from $406.00/hour to $405.00/hour.

### ii. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel has provided a breakdown of hours billed and costs incurred. Fees App., Tab A. I find the hours to be largely reasonable, but a small reduction is necessary due to billing for what appears to be administrative tasks. *See* Fees App. Primarily, Mr. Sadaka appears to have billed for reviewing/receiving CM/ECF notifications and other docket filings. Such time is not compensable. I will thus deduct 1.0 hours of attorney time in 2017 (entries of 0.1 hours on 10/06/2017, 10/11/2017 (2), 10/20/2017 (2), 10/31/2017, 12/07/2017 (3), and 12/28/2017), 2.1 hours of attorney time in 2018 (entries of 0.1 hours on 01/03/2018, 01/16/2018, 01/17/2018, 02/05/2018 (2), 02/13/2018, 02/23/2018, 04/04/2018 (2), 04/06/2018, 04/19/2018, 04/23/2018, 06/04/2018, 06/06/2018 (2), 06/18/2018, 06/19,2018, 07/03/2018, 08/24/2018 (2), and 10/01/2018), 0.8 hours of attorney time in 2019 (entries of 0.1 hours on 03/25/2019, 3/28/2019, 04/26/2019 (3), 05/24/2019, 06/24/2019, and 06/25/2019) and 0.1 hours of paralegal time in 2019 (entry of 0.1 hours on 07/24/2019).

The reduction is therefore equal to $376.38 (1.0 hours of time at $376.38/hour) + $831.60 (2.1 hours of time at $396/hour) + $324 (0.8 hours of time at $405/hour) + $15.60 (0.1 hours of time at $156/hour), or **$1,547.58**.

An additional reduction of **$5.00** is also necessary to reduce Mr. Sadaka's 2019 billing rate of $406/hour to approved billing rates. The total reduction is therefore **$1,552.58.** I award all other requested fees in full.

Total attorneys' fees to be awarded: **$21,359.40.**

### D. Reasonable Costs

Petitioner requests a total of $1,749.94 in filing fees, medical records and postage costs. I have reviewed the supporting documentation and find this request to be reasonable. Accordingly, I award it in full.

Total costs to be awarded: **$1,749.94.**

### III.    Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$23,109.34**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and his attorney, Mark T. Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

A copy of this Decision shall be mailed to Petitioner via Federal Express at the following address:

**Robert Nemmer**
**196 E. Helm Ave**
**South Salt Lake City, UT 84115**

The clerk's office shall also serve a copy of this decision to Mr. Mark Sadaka via certified mail and first class mail at the following address:

**Mark Sadaka**
**Sadaka Associates, LLC**
**155 N. Dean St.**
**Englewood, NJ 07631**

Any questions regarding this Order may be directed to my law clerk, Neil Bhargava, by email at neil_bhargava@cfc.uscourts.gov.

**IT IS SO ORDERED.**

*Katherine Oler*
Katherine E. Oler
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.