# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1464V
Reissued for Public Availability: December 8, 2025

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                   *
ROBERT NEMMER,                                     *
                                                   *
                     Petitioner,                   *   Special Master Jennifer A. Shah
                                                   *
v.                                                 *
                                                   *   Filed: October 29, 2025
SECRETARY OF HEALTH AND                            *
HUMAN SERVICES,                                    *
                                                   *
                     Respondent.                   *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert Nemmer*, South Salt Lake City, UT, *pro se*.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

**I.   Procedural History**

On October 6, 2017, Robert Nemmer ("Petitioner"), then represented by Mr. Mark Sadaka, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged he suffered a shoulder injury related to vaccine administration ("SIRVA") caused by a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination he received on December 7, 2014. ECF No. 1.

Respondent filed a Rule 4(c) Report ("Report") on August 3, 2018, arguing that "compensation is not appropriate for this case." ECF No. 34. Respondent argued that "[t]he site of vaccination was not documented in the vaccination record" and that "[P]etitioner had chronic left shoulder pain from a car accident for almost two years before he received the Tdap vaccine on December 7, 2014." Report at 2, 6.

---

[1] Pursuant to Vaccine Rule 18(b), this decision was initially filed on October 29, 2025, and the parties were afforded 14 days to propose redactions. The parties did not propose and redactions. Accordingly, this decision is reissued in its original form for posting on the court's website.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 1, 2018, Petitioner filed a status report requesting a fact hearing on the issue of whether he suffered the onset of a new shoulder injury or the significant aggravation of an old injury.  ECF No. 37.  No expert reports were filed.

On March 27, 2019, former Special Master Katherine E. Oler held a Rule 5 status conference. ECF No. 38.  Special Master Oler stated that she believed that "there [was] insufficient evidence in the record for Petitioner to meet his burden of proof."  *Id.* at 2.  At the conclusion of the Rule 5 status conference, Mr. Sadaka requested additional time to speak with Petitioner to address the special master's concerns and the possibility of dismissing this case.  *Id.* at 2-3.

On July 24, 2019, Petitioner filed a status report indicating he was still trying to figure out how he would like to proceed in light of Special Master Oler's Rule 5 Order.  ECF No. 42.  He also was informed that Mr. Sadaka intended to withdraw from this case.  *Id.*

On January 3, 2020, Special Master Oler issued an order granting the withdrawal of Mr. Sadaka from the case.  ECF No. 49.  Mr. Sadaka's motion to withdraw, filed December 20, 2019, indicated that the last communication he had with Petitioner was on October 18, 2019.  ECF No. 48.  Petitioner did not retain new counsel and became a *pro se* litigant.

On January 8, 2020, Special Master Oler entered an order directing Petitioner to contact the Court by January 17, 2020, to schedule a status conference.  ECF No. 51.  Petitioner did not contact the Court, so another order was issued directing him to respond by February 27, 2020.  ECF No. 52.  Petitioner was expressly advised that an order to show cause would issue for failure to respond by this date.  *Id.*  These orders were both returned to the Court as undeliverable.  ECF Nos. 53-55.  Petitioner did not contact the Court for several years.

This case was reassigned to me on August 13, 2024.  ECF No. 61.  On September 6, 2024, I issued an Order to Show Cause directing Petitioner to show cause why this case should not be dismissed for failure to prosecute and to comply with prior orders in this action.  ECF No. 63.  The Order to Show Cause set a deadline of November 8, 2024, for Petitioner's response.  *Id.*

On September 23, 2024, Petitioner informally communicated with my chambers, notifying my law clerk that he wished to continue to pursue his vaccine claim.  Informal Communication dated 9/23/2024.  My chambers informed Petitioner that he needed to respond to the Order to Show Cause by the deadline and instructed him on how to file a response and search for a new attorney.  *Id*.  Petitioner did not file a response by the November 8, 2024 deadline.

On November 12, 2024, I *sua sponte* granted an extension to Petitioner, setting a January 7, 2025 deadline to respond to the Order to Show Cause.  ECF No. 65.  On December 6, 2024, my law clerk reached out to Petitioner to confirm whether he had been receiving documents from the Court.  Informal Communication dated 1/15/2025.  On December 11, 2024, Petitioner emailed my law clerk confirming that he received the Court's orders and stated that he had attempted to communicate with Respondent's counsel via telephone.  *Id.*

Petitioner did not file a response to the Order to Show Cause or communicate with my chambers by the extended deadline.  On January 15, 2025, I *sua sponte* extended the deadline to

2

March 17, 2025.  ECF No. 67.  Petitioner failed to file a response or communicate with my chambers by the March 17, 2025 deadline.  On March 24, 2025, I *sua sponte* extended the deadline to May 23, 2025.  ECF No. 68.

Petitioner failed to file a response or communicate with my chambers by the May 23, 2025 deadline.  On May 29, 2025, I again *sua sponte* extended the deadline to August 1, 2025.  ECF No. 69.  My law clerk reached out to Petitioner via email on May 29, June 5, and June 10, 2025, to confirm that he had received communications from the Court and indicate whether he intended to respond to the Order to Show Cause; Respondent's counsel was copied.  Informal Communication dated 6/16/2025.  My chambers did not receive a response from Petitioner.  *Id*.

Again, Petitioner failed to file a response or communicate with my chambers by the August 1, 2025 deadline.  On August 11, 2025, I *sua sponte* extended the deadline to October 10, 2025.  ECF No. 70.  The order was sent via U.S.P.S. Certified mail on August 11, 2025, and via U.S.P.S. First-Class mail and email on September 8, 2025.  *Id*.  The order sent via Certified mail was returned as unclaimed and unable to be forwarded.  ECF No. 71.  My law clerk reached out to Petitioner via email on August 19, August 26, and September 4, 2025, to confirm that he had received communications from the Court and ask whether he intended to respond to the Order to Show Cause; again, Respondent's counsel was copied.  Informal Communication dated 9/8/2025.  My chambers did not receive a response from Petitioner.  *Id*.

My law clerk again reached out to Petitioner via email on October 16, 2025, with a copy to Respondent's counsel, to confirm that he had received communications from the Court and indicate whether he intended to respond to the Order to Show Cause.  Informal Communication dated 10/27/2025.  My chambers once again did not receive a response from Petitioner.  *Id*.

**II.     Discussion**

Vaccine Rule 21(c)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court."  It is Petitioner's obligation to follow court orders.  Failure to follow court orders or to file status reports or other required documents can result in dismissal of Petitioner's claim.  Vaccine Rule 21(c); *Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), 991 F.2d 810 (Fed. Cir. 1993) *aff'd per curiam without opin.*; *Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996); *see, e.g.*, *Plowman v. Sec'y of Health & Hum. Servs.*, No. 18-469V, 2020 WL 8770207 (Fed. Cl. Spec. Mstr. Dec. 14, 2020) (dismissing petition for failure to respond to an Order to Show Cause and not communicating with Chambers for six months); *Reagan v. Sec'y of Health & Hum. Servs.*, No. 22-912V, 2023 WL 2319335, at *2 (Fed. Cl. Spec. Mstr. Mar. 2, 2023) (dismissing petition for not paying the filing fee, failure to respond to an Order to Show Cause, and not communicating with Chambers for four months).

Petitioner has not communicated with my chambers in over 10 months, since December 11, 2024.  Informal Communication dated 1/15/2025.  My law clerk has reached out to Petitioner numerous times over the last 10 months, but Petitioner has not responded.  *See* Informal Communications dated 6/16/2025; 9/8/2025; 10/27/2025.

3

### III. Conclusion

Petitioner has failed to communicate with chambers, failed to timely respond to the Order to Show Cause after several extensions of time to do so, and neglected to prosecute his case. **His petition is therefore DISMISSED for failure to follow court orders and failure to prosecute.** The clerk shall enter judgment accordingly.

A copy of this Decision shall be sent to Petitioner by email at: robertnemmer58@gmail.com and regular first-class mail to the following address:

Robert Nemmer
3841 S 300 E
Apt. 1
Salt Lake City, UT 84115

Any questions regarding this Decision may be directed to my law clerk, Austin Mendes, by email at Austin_Mendes@cfc.uscourts.gov.

**IT IS SO ORDERED.**

Jennifer A. Shah
Special Master